AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | |
|---|---|
| United States of America<br>v.<br><br>LAMAR HARRIS<br><br>*Defendant(s)* | Case No.<br>3:19-mj-156 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of June 1, 2017-December 31, 2017 in the county of Des Moines in the Southern District of Iowa, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) | Conspiracy to Distribute a Controlled Substance, to wit: Methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B) |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Adam Plein, Special Deputy, FBI
*Printed name and title*

☑ Sworn to before me and signed in my presence.

☐ Sworn to before me by telephone or other reliable electronic means.

Date: 11/12/2019

_____
Judge's signature

City and state: Davenport, Iowa

Stephen B. Jackson, Jr., U.S. Magistrate Judge
*Printed name and title*

FILED
By: Clerk's Office, Southern District of Iowa
12:13 pm, Nov 12 2019

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

UNITED STATES OF AMERICA )
) ss
SOUTHERN DISTRICT OF IOWA )

I, Adam Plein, being duly sworn state and depose as follows:

## INTRODUCTION

1. I am a Special Deputy with the Federal Bureau of Investigation (FBI), and have been since September 17, 2019. In addition to my position with the FBI, I have been employed with the Des Moines County, Iowa, Sheriff's Office for approximately 11 years, and have been a Detective with the Southeast Iowa Narcotics Taskforce for approximately 2.5 years. Along with my original academy training, I have also attended other law enforcement courses of instruction that focused on the investigation of persons involved in the manufacture, transportation, distribution, and sale of controlled substances. During the course of my law enforcement career, I have participated in the investigations of drug-trafficking organizations and have participated in hundreds of drug investigations. During the course of my career I have been involved in cases that have resulted in the seizure of cocaine, marijuana, heroin, and methamphetamine. I am familiar with and have used normal methods of investigation, including, but not limited to: visual surveillance, questioning of witnesses, execution of search and arrest warrants, utilizing informants, utilizing confidential sources, and utilizing vehicle tracking devices to further investigations into drug trafficking. Moreover, I am a federal law enforcement officer engaged in enforcing the criminal laws, including Title 21, United States Code, Sections 846 and

1

841(a)(1), and I am authorized by the Attorney General to execute a federal search warrant.

2. I make this affidavit in support of a criminal complaint charging **LAMAR HARRIS (LAMAR) and MICHAEL REES (REES)** with conspiracy to distribute a controlled substance, to wit: methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B), in the Southern District of Iowa. This affidavit is for the limited purpose of securing the requested criminal complaint. I have set forth only the facts I believe are necessary to establish probable cause, and have not included each and every fact known to me. The information contained in this affidavit, and the grounds for my beliefs, come from my personal knowledge, information provided to me by other members of the investigative team, information contained in reports of other officers, statements made to me by witnesses, and statements of witnesses contained in police reports.

## PROBABLE CAUSE

3. On June 14, 2017, an individual (CI 1) was arrested for the possession of approximately 14 grams of methamphetamine and ammunition. CI 1 agreed to cooperate with agents and provide information in hopes of consideration on his/her pending criminal case. Agents obtained information from CI 1 that REES was a methamphetamine dealer in the Quincy, Illinois area, with sources of supply based in Burlington, Iowa. CI 1 provided information and conducted covert purchases/covert recordings, which ultimately led to an arrest and conviction in a

federal heroin investigation. Following CI 1's cooperation in that matter, CI 1 continued to cooperate with law enforcement for monetary compensation. CI 1's cooperation lead to a Title III wiretap investigation, which resulted in the arrest and indictment of six federal defendants. CI 1 has been financially compensated $400.00, to date, related to this investigation, and $7,640.00 in other unrelated investigations. CI 1 has been cooperating with members of the investigation team since approximately June 2017. Cooperation is on-going. Some of the information provided by CI 1 has been corroborated by surveillance, evidence retrieved from search warrants, law enforcement database checks, and telephone call detail records. CI 1 has consistently provided reliable information. Additionally, CI 1 provided historical information based on personal experience either purchasing controlled substances from or discussing drug related activity with members of the Kendrick PAGE Drug Organization (PAGE CE). Within the context of the information detailed and relied upon for purposes of this application, law enforcement believes CI 1 is credible and his/her information is reliable.

4. Prior to December 19, 2017, CI 1 contacted agents regarding CI 1 taking a trip to Burlington, Iowa, for the purposes of purchasing methamphetamine. CI 1 stated that REES had told him/her he (REES) was planning a trip to purchase methamphetamine from a source in Burlington, Iowa. CI 1 stated he/she had the ability to purchase one ounce of methamphetamine from REES and his source. CI 1 stated he/she would travel with REES to Burlington, Iowa, to complete the transaction. Arrangements were made to facilitate this transaction.

5. On December 19, 2017, agents provided CI 1 with $550.00 of pre-serialized buy-fund money. Agents then arranged a surveillance detail to monitor CI 1 and REES's trip to Burlington, Iowa. Agents observed REES and CI 1 depart the Quincy, Illinois, area and travel to Burlington, Iowa. Agents observed REES and CI 1 travel to several locations in the Burlington, Iowa, area. After a period of time, REES and CI 1 arrived in the area of the 400 block of Maple Street, Burlington, Iowa. Agents subsequently then followed REES and CI 1 from Burlington, Iowa, back to Quincy, Illinois.

6. Agents subsequently debriefed CI 1. CI 1 stated that when he/she and REES arrived in Burlington, Iowa, they met with REES's methamphetamine source of supply. CI 1 stated that he/she provided REES with the $550, that REES exited the vehicle they were in, entered the vehicle driven by LAMAR, who drove around the block to complete the transaction, and that REES then got back in the vehicle with CI 1 with the methamphetamine. CI 1 later identified the source of supply by photograph as LAMAR. The methamphetamine obtained weighed approximately 28.6 grams with packaging, and field-tested positive for methamphetamine.

## CONCLUSION

7. Based on the foregoing, I believe there is probable cause to charge **LAMAR HARRIS and MICHAEL REES** with conspiracy to distribute a controlled substance, to wit: methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B), in the Southern District of Iowa.

_____
Adam Plein
Special Deputy, FBI

Sworn to before me and subscribed in my presence this 12th day of November, 2019.

_____
Stephen B. Jackson Jr.
United States Magistrate Judge
Southern District of Iowa

5